UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DAVID DEARDEN et al.,                           :
                          Plaintiffs,           :
                                                :
              v.                                :        No. 5:16-cv-00713
                                                :
FCA US LLC et al.,                              :
                          Defendants.           :
_____

**O P I N I O N**
**Dearden's Motion to Remand, ECF No. 30- Granted in Part**
**Rosner's Motion to Remand, ECF No. 37- Granted in Part**
**FCA's Motion to Stay, ECF No. 46- Denied as Moot**
**FCA's Motion to Sever and Transfer Venue, ECF No. 47- Granted**
**Trucking Defendants' Motion to Strike and Dismiss, ECF No. 56- Denied**

**Joseph F. Leeson, Jr.**                                    **March 31, 2017**
**United States District Judge**


I.      **INTRODUCTION**

This wrongful death and survival action was filed in the Court of Common Pleas for

Philadelphia County and subsequently removed to this Court.  The claims arose following a

multi-vehicle accident that resulted in the death of three persons and in injuries to at least five

other individuals.  There was a product recall regarding the vehicle occupied by two decedents,

and they have asserted independent product liability claims against one of the defendants, which

arise from a Sale Order entered by the United States Bankruptcy Court for the Southern District

of New York.  This Court now confronts the question of whether to sever and transfer the

product liability claims to the bankruptcy court, and to remand the remaining claims to the state

court.  For the reasons set forth below, that question is answered in the affirmative.

1

## II.      BACKGROUND

### A.      The Bankruptcy Case

Chrysler filed for bankruptcy in 2009, after which FCA US LLC entered into a Master Transaction Agreement ("MTA") to purchase Chrysler's assets and debts.  *See In re Chrysler LLC*, No. 09-50002 (Bankr. S.D.N.Y. April 30, 2009).  Section 2.08(h) of the MTA, Assumption of Liabilities, provides that FCA shall assume liability for "all Product Liability Claims arising from the sale after the Closing of Products or Inventory manufactured by Sellers or their Subsidiaries in whole or in part prior to the Closing."  Notice Removal, Ex. A at 8-9, ECF No. 1.  The United States Bankruptcy Court for the Southern District of New York entered a Sale Order on June 1, 2009, approving the MTA.  The Sale Order states that except for the Assumed Liabilities in the MTA, FCA is not liable for any claim that "(a) arose prior to the Closing Date,[1] (b) relates to the production of vehicles prior to the Closing Date or (c) otherwise is assertable against [Chrysler] or is related to the Purchased Assets prior to the Closing Date."  Removal ¶ 3 and Ex. B ¶ 35.  Section 2.08(h) of the MTA was subsequently amended to expand liability to also include:

> all Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles or component parts, in each case manufactured by Sellers or their Subsidiaries and distributed and sold as a Chrysler, Jeep, or Dodge brand vehicle or MOPAR brand part, solely to the extent such Product Liability Claims (A) arise directly from motor vehicle accidents occurring on or after Closing, (B) are not barred by any statute of limitations, (C) are not claims including or related to any alleged exposure to any asbestos-containing material or any other Hazardous Material and (D) do not include any claim for exemplary or punitive damages.

Removal, Ex. C.  The bankruptcy court approved this amendment ("Amendment No. 4") on November 19, 2009.  *See In re Chrysler LLC*, No. 09-50002 (Bankr. S.D.N.Y. Nov. 19, 2009).

---

1           The Closing Date is June 10, 2009.

**B.      Factual and Procedural History of the Instant Action**

Plaintiffs[2] filed a Complaint in the Court of Common Pleas for Philadelphia County on January 12, 2016.  Defendant FCA US LLC removed the case to this Court.  Plaintiffs subsequently filed a separate Complaint in the Court of Common Pleas for Philadelphia County based on the same incident but eliminating several Defendants, which was also removed to this Court.  These cases were then consolidated into the above-captioned action, and Plaintiffs were directed to file an Amended Complaint.[3]

Plaintiffs allege as follows: on May 12, 2014, Defendant Vincente Espinvera, who was driving a tractor-trailer on I-78, was travelling too fast for conditions and failed to observe the slow-moving traffic he was approaching.  As a result, Espinvera's tractor-trailer struck the rear-end of Robert Rosner's vehicle, pushing it ahead into the vehicle occupied by Diego Frank Burns, Melissa Burns, and their four minor children.  The Burnses' vehicle was moved forward into the vehicle occupied by Edward Dearden and Theresa Dearden.  The Deardens' vehicle, a 1995 Jeep Grand Cherokee, immediately burst into flames.  Espinvera's tractor-trailer became locked with Rosner's vehicle and when Espinvera attempted to back away from the fire, he dragged Rosner's vehicle with him.  Rosner died as a result of the injuries he sustained in the collision.  Each member of the Burns family was injured in the collision, and Mr. and Mrs. Dearden were pronounced dead at the scene.

---

[2]      Plaintiffs include David Dearden, as Executor of the Estates of Edward Dearden and Theresa Dearden; Virginia Anne Rosner, individually and as Administratrix of the Estate of Robert Rosner; and Diego Frank Burns and Melissa Burns, individually and as the parents and natural guardians of Mary Burns, a minor, of Lucy Burns, a minor, of Joseph Burns, a minor, and of Alexei Burns, a minor.

[3]      Plaintiffs timely filed motions to remand after removal of each case, *see* 28 U.S.C. § 1447 (providing that a motion to remand "must be made within 30 days after the filing of the notice of removal"), but when the cases were consolidated, this Court denied all pending motions without prejudice and ordered that Plaintiffs would not be barred from re-filing a motion to remand, *see* ECF Nos. 29, 31.

Plaintiffs allege that some time before May 12, 2014, the date of the accident, Defendant Chrysler Group LLC put the Deardens' vehicle into the stream of commerce, Defendant Nanette Brickner sold[4] the vehicle to the Deardens, and Defendant Henise Tire Service, Inc. performed a state safety inspection on the vehicle and passed the vehicle.  Plaintiffs further allege that prior to May 12, 2014, FCA[5] issued a product recall[6] due to the vehicle's propensity to burst into flames after rear impacts, but that neither FCA nor Brickner informed the Deardens of the recall.

Plaintiffs make additional allegations against Espinvera, his employers, and the owners of the truck and of the trailer he was driving.[7]  They also assert allegations against the contractor hired to make repairs to I-78 and the companies hired to perform construction services.[8]  These allegations are not pertinent to the pending motions and, therefore, are not described herein.

In the Amended Complaint, all Plaintiffs raise negligence and punitive damages claims against Espinvera and the Trucking Defendants.  They also plead a negligence claim against the Construction Defendants.  Rosner asserts wrongful death and survival claims against Espinvera, the Trucking Defendants, and the Construction Defendants.  Dearden raises wrongful death and survival claims against all Defendants.  Dearden pleads a negligence claim against Brickner and Henise.  Dearden also asserts claims of negligence, strict product liability, and punitive damages against FCA.  In the punitive damages claim, Dearden alleges that FCA knew that the location of the fuel tank in the 1993-1998 Jeep Grand Cherokees was leading to fatal post-collision fires,

---

[4]      Brickner allegedly sold the vehicle to the Deardens on or about March 7, 2012.

[5]      Chrysler Group LLC is now owned by FCA US LLC, and both are named as Defendants. This Memorandum will refer to them collectively as "FCA" unless otherwise specified.

[6]      The product recall was allegedly issued on August 6, 2013.

[7]      The "Trucking Defendants" are Mariana Salas, doing business as M. Salas Trucking, and DJM Transport, LLC.

[8]      The "Construction Defendants" include Bill Anskis Company Inc., Traffic Planning & Design, Inc., All State Traffic Control of PA Inc., Established Traffic Control, Inc., and TRC Companies, Inc., doing business as TRC Engineers, Inc.

and engaged in legal battles and took efforts to delay a product recall.  Dearden alleges that FCA eventually issued a product recall on August 6, 2013, but did not notify the Deardens of the recall prior to the accident.

### C.    The Parties Arguments Relative to the Pending Motions

#### 1.    *Motion to Remand*

According to FCA in its Notices of Removal, this Court has jurisdiction because FCA's liability arises from, and is dependent on the interpretation of, the Sale Order entered by the United States Bankruptcy Court for the Southern District of New York.  FCA asserts that because FCA did not exist at the time the Deardens' vehicle was manufactured, its liability is dependent on how the MTA and Amendment No. 4 are construed.

Dearden filed a Motion to Remand, which Rosner subsequently joined in, asserting that the Sale Order does not apply because the punitive damages provision in Amendment No. 4 only addresses claims that arise from FCA's conduct prior to the bankruptcy sale, and that the punitive damages claims at issue here are based solely on FCA's conduct occurring after the sale. Plaintiffs contend that neither this Court nor the bankruptcy court has jurisdiction and that the matter must be remanded to the state court.

In response, FCA argues that Dearden's position is dependent on an interpretation of the Sale Order and therefore supports federal jurisdiction.  FCA further asserts that Dearden's contention that Amendment No. 4 applies only to punitive damages claims that arise from the sale of a defective product prior to the Closing Date contravenes the plain language of Amendment No. 4, which includes personal injury claims arising from or relating "in any way" to product recalls.  It also submits that any post-sale duties applicable to vehicles that it did not manufacture only arise under the MTA and the bankruptcy orders approving the same.

  **2.**  *Motion to Sever and to Transfer Venue*

  FCA filed a motion to sever Dearden's claims against it and to transfer venue of those claims to the United States Bankruptcy Court in the Southern District of New York.  FCA argues that the bankruptcy court has concurrent jurisdiction because Dearden's claims are dependent on the interpretation and enforcement of the court's Sale Order.  Additionally, FCA contends that it would be in the interest of justice to allow the bankruptcy court to interpret its own Order and that because Dearden's claims against FCA are the only ones that implicate the threshold bankruptcy issues, the remaining claims and parties should be severed prior to transfer.

  **3.**  *Motion to Strike and to Dismiss Request for Punitive Damages*

  The Trucking Defendants filed a Motion to Strike and to Dismiss Plaintiffs' Amended Complaint as to Count Eight for punitive damages, arguing that there are no factual allegations of evil motive or of intentional or outrageous behavior.

**III.**  **ANALYSIS**

  **A.**  **This Court has jurisdiction because the claims against FCA arise in or are related to the bankruptcy case.**

  Pursuant to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  "A proceeding is considered to be 'related to' a bankruptcy case for purposes of establishing jurisdiction if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'"  *Lichtenfels v. Electro-Motive Diesel, Inc.*, No. 09-1590, 2010 U.S. Dist. LEXIS 15079, at *7 (W.D. Pa. Feb. 22, 2010) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)).  If jurisdiction is proper under § 1334, a "party may remove any

claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending."  28 U.S.C. § 1452(a).

After review, this Court concludes that Dearden's claims[9] against FCA arise in and relate to the bankruptcy case for at least two reasons: (1) FCA is a defendant only because of the Sale Order, *see Powell v. FCA US LLC*, No. 3:15-cv-393, 2015 U.S. Dist. LEXIS 110718, at *10 (M.D. Ala. Aug. 21, 2015) (determining that where a proceeding requires the interpretation and potential enforcement of a bankruptcy order because, for example, FCA is a defendant in the case only because it purchased assets from Chrysler LLC, the action arises in bankruptcy); and (2) FCA's assertion[10] that Dearden's punitive damages request is barred by the bankruptcy court's orders necessarily requires interpretation of the Sale Order, *see id.* at *10-11 (rejecting the plaintiff's argument, that whether the wrongful death claims constitute an assumed liability is not subject to interpretation of the Sale Order, because it fails to recognize that the Sale Order is unavoidably implicated because FCA contends that it bars the claims); *Quesenberry v. Chrysler Group LLC*, No. 12-48-ART, 2012 U.S. Dist. LEXIS 107380, at *11-12 (E.D. Ky. July 31, 2012) (concluding that whether the plaintiff's claim falls into the narrow categories of product liability claims for which FCA assumed liability requires interpretation of the Sale Order).

Thus, this Court has jurisdiction, and it is necessary to decide where venue should lie.

**B.    Because venue for the claims against FCA, only, is proper in the bankruptcy court, these claims are severed and transferred.**

*1.    Transfer to the Proper Venue*

The United States Bankruptcy Court for the Southern District of New York has concurrent jurisdiction of the claims against FCA.  28 U.S.C. § 157(b)(1) ("Bankruptcy judges

---

[9]    To the extent that cross claims have been filed against FCA, all such claims depend on the threshold determination of FCA's liability, which requires interpretation of the Sale Order.
[10]    *See* Notice Removal 2, ECF No. 1.

may hear and determine all cases under title 11 and all core proceedings arising under title 11, or

arising in a case under title 11, referred under subsection (a) of this section, and may enter

appropriate orders and judgments...."). "A district court may transfer a case or proceeding under

title 11 [11 USCS §§ 101 et seq.] to a district court for another district, in the interest of justice or

for the convenience of the parties." 28 U.S.C. § 1412.

> Factors to consider in determining whether it is 'in the interest of justice' to
> transfer a case include: (1) plaintiff's choice of forum; (2) defendant's preference;
> (3) whether the underlying claim arose elsewhere; (4) relative physical and
> financial conditions of the parties; (5) convenience of witnesses; (6) location of
> books and records; (7) enforceability of any judgment obtained; (8) practical
> considerations making trial easy, expeditious or inexpensive; (9) administrative
> difficulty arising from court congestion; (10) local interest in controversy; (11)
> public policies in each forum; and (12) familiarity of trial court with applicable
> law.

*Clark v. Chrysler Group, LLC*, No. 10-3030, 2010 U.S. Dist. LEXIS 118741, at *13-14 (E.D. Pa.

Nov. 5, 2010) (quoting *Toth v. Bodyonics, Ltd.*, No. 06-1617, 2007 U.S. Dist. LEXIS 18278

(E.D. Pa. Mar. 15, 2007)).

After considering these factors, this Court determines that the claims against FCA are

transferred to the United States District Court for the Southern District of New York for referral

to the bankruptcy court for five reasons. First, it is presumed that when a case is related to a

bankruptcy proceeding, the district where the bankruptcy is pending is generally the appropriate

venue. *See Toth*, 2007 U.S. Dist. LEXIS 18278, at *9-10 ("When a case in which transfer is

sought is one 'related to' a bankruptcy proceeding, the district where the bankruptcy action is

pending is generally the appropriate venue." (citing 1 Collier on Bankruptcy 4.02 (15th ed. Rev.

2005))). Second, the bankruptcy court expressly "retain[ed] jurisdiction to interpret, implement

and enforce the terms and provisions of th[e] Sale Order." *See* Sale Order, ¶ 59, ECF No. 47-4.

Third, "[a]llowing for different courts in different jurisdictions to interpret the terms of the Sale

8

Order creates the possibility for inconsistent determinations, inconsistent liability to the

Defendant, and needless confusion." *Perno v. Chrysler Group, LLC*, No. 10-5100, 2011 U.S.

Dist. LEXIS 24251, at *12 (D.N.J. Mar. 10, 2011).  Fourth, the bankruptcy court is "uniquely

well-poised to determine whether any particular claim has any continuing viability in light of the

Master Transaction Agreement approved in that district."  *Ritter v. Chrysler Group, LLC*, No.

4:13-CV-2123, 2013 U.S. Dist. LEXIS 185010, at *10 (M.D. Pa. Oct. 28, 2013); *see also*

*Powell*, 2015 U.S. Dist. LEXIS 110718, at *15 ("Allowing removal under § 1334 increases the

likelihood of efficient administration of the bankruptcy estate, because the bankruptcy court is in

the best position to interpret its own order.").  Finally, because the claims against FCA will be

severed, as discussed below, and because the bankruptcy court can transfer this action back to

this court[11] for further proceedings after determining which claims are viable, the remaining

factors also weigh in favor of transfer.  *See Ritter*, 2013 U.S. Dist. LEXIS 185010, at *10 n.1

(explaining that "in the final analysis should the bankruptcy court in the Southern  District of

New York conclude that this case entails one of those unusual claims which may survive the

Chrysler bankruptcy and still remain viable with respect to Chrysler Group LLC, it may then

transfer the matter back to this district for further proceedings"); *Clark*, 2010 U.S. Dist. LEXIS

118741, at *13-14 (finding that some factors in the transfer analysis were outweighed by others).

### 2.    *Severance*

Rule 21 of the Federal Rules of Civil Procedure provides that the "court may also sever

any claim against a party."  Fed. R. Civ. P. 21.  "Indeed, the fact that a claim might be subject to

transfer to a more appropriate venue is a valid reason to order severance."  4-21 Moore's Federal

---

[11]    If appropriate, the action may then be remanded to the state court.

Practice-Civil § 21.06(2).  Fairness and the possibility of prejudice in the absence of severance are critical considerations.  *Quesenberry*, 2012 U.S. Dist. LEXIS 107380, at *11-12.

Federal jurisdiction over this case is based on federal-question jurisdiction arising from Dearden's claims against FCA.  The other Defendants, and more significantly the other Plaintiffs, have been pulled into federal court to litigate state law claims for this sole reason.  It would substantially prejudice these parties if their case were transferred to the New York bankruptcy court.  Accordingly, the claims against FCA are severed.  *See id.* (concluding that sending the defendant "along for the ride with Chrysler Group would substantially prejudice" that defendant); *Shatzki v. Abrams*, No. 1:09cv02046, 2010 U.S. Dist. LEXIS 7987, at *11 (E.D. Cal. Jan. 11, 2010) (deciding that because the other defendants "were involuntarily removed to this Court and there is no indication that they have any connection to the bankruptcy case involving Chrysler Group . . . fairness considerations warrant severing [these defendants]").

### C.  The remaining parties and claims are remanded to the state court.

Having severed the claims against FCA, this Court must determine whether it has any jurisdictional basis to entertain the remaining claims.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  It does not.  Because the remaining claims are purely state-law claims, there is no federal-question jurisdiction.  *See* 28 U.S.C. § 1331.  There is also no diversity jurisdiction because Plaintiffs Dearden and Rosner, and Defendant Brickner are all citizens of Pennsylvania.  *See* 28 U.S.C. § 1332(a)(1).  Consequently, the action is remanded to the Court of Common Pleas for Philadelphia County.  *See Shatzki*, 2010 U.S. Dist. LEXIS 7987, at *11 (After severing the claims against Chrysler Group LLC and transferring venue to the bankruptcy court,

the district court concluded that there was no basis for jurisdiction over the remaining defendants

and that "remand is appropriate as to those defendants." (citing 28 U.S.C. § 1447(c)).

> **D.     Whether Plaintiffs have pled sufficient facts to support a punitive damages claim against the Trucking Defendants is a determination better left to the state court.**

Having decided that it is proper to remand the state-law claims, this Court will not

address the sufficiency of the allegations supporting punitive damages at Count Eight. *See Luise*

*v. Colonial Intermediate Unit 20*, No. 13-cv-02626, 2014 U.S. Dist. LEXIS 38167, at *36 (E.D.

Pa. Mar. 21, 2014) (refusing to address the defendants' arguments concerning the sufficiency of

the plaintiff's Pennsylvania state-law claim after declining to exercise supplemental jurisdiction);

*Perkins v. Philadelphia*, 766 F. Supp. 313, 318 (E.D. Pa. 1991) ("[N]otions of comity restrain us

from needlessly deciding issues of state law that are rightfully the province of state courts.

Plaintiff originally filed in state court and back to that forum we transfer her case."). The Motion

to Strike and to Dismiss is therefore denied without prejudice to renew in the state court.

## III.    CONCLUSION

Dearden's claims against FCA arise from the bankruptcy proceedings and therefore give

this Court and the bankruptcy court concurrent jurisdiction. However, because the claims

require interpretation of the Sale Order, venue is proper in the United States Bankruptcy Court

for the Southern District of New York. The remaining claims are purely Pennsylvania state-law

claims and it would be unfair to force the other parties to litigate these state-law claims in the

bankruptcy court. The claims against FCA are therefore severed and transferred to the federal

court in New York. The remaining claims in this action are then remanded to the Court of

Common Pleas for Philadelphia County for further proceedings.[12]

---

[12]     The Motion to Strike and Dismiss Plaintiffs' Amended Complaint, ECF No. 56, is denied without prejudice to renew in the state court.

A separate Order will be issued.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge