UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DEARDEN *et al.*,<br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>FCA US LLC *et al.*,[1]<br>　　　　　　　Defendants. | :<br>:<br>:<br>:　　No. 5:16-cv-00713<br>:<br>:<br>: |

# O R D E R

**AND NOW**, this 1st day of October, 2018, upon consideration of (1) FCA's Notice of Removal filed on February 12, 2016, pursuant to 28 U.S.C. § 1452,[2] asserting that this Court had jurisdiction under 28 U.S.C. § 1334,[3] ECF No. 1; (2) the Order and Opinion dated March 31, 2017, granting FCA's motion to sever and transfer all claims against FCA to the United States Bankruptcy Court for the Southern District of New York, *see* ECF Nos. 95-96; (3) the Supplement to Notice of Removal filed by FCA on April 28, 2017, after the action was closed, asserting that once the case was severed, this Court acquired a new basis for federal jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332, ECF No. 97; (4) the March 30, 2018 Order of the United States Bankruptcy Court for the Southern District of New York dismissing Count Three of the Amended Complaint except to the extent that Dearden can assert legally sufficient claims based solely on FCA's post-closing wrongful conduct, and transferring the action back to this Court, *see* ECF Nos. 99[4] and 100-8; (5) Dearden's Motion to Remand to State Court, ECF No.

---

[1]　For purposes of this Order, FCA US LLC, Chrysler, and new Chrysler are collectively referred to as "FCA."

[2]　Section 1452(a) allows any party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [28 USCS § 1334]." 28 U.S.C. § 1452(a).

[3]　Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

[4]　The Order was received by and docketed in this Court on May 14, 2018. ECF No. 99.

100;[5] (6) the Response by FCA, ECF No. 101;[6] and (7) Dearden's Reply, ECF No. 102,[7] **IT IS ORDERED THAT:**

    1.    The Motion to Remand, ECF No. 100, is **GRANTED**.[8]

---

[5] Dearden's Motion to Remand was filed three days after the above-captioned action reopened upon return from the Bankruptcy Court. Dearden argues that: (1) this Court does not have subject-matter jurisdiction under 28 U.S.C. § 1334 because now that the Bankruptcy Court has interpreted the Sale Order there is no longer any relation to the title 11 bankruptcy case, which requires remand under 28 U.S.C. § 1447(c); (2) even if this Court has jurisdiction under 28 U.S.C. § 1334, it should abstain from hearing the state law claims, and should exercise its discretion under 28 U.S.C. § 1452(b) to remand on equitable grounds; and (3) this Court should consolidate the cases pursuant to Rule 42 of the Federal Rules of Civil Procedure and Rule 213 of the Pennsylvania Rules of Civil Procedure in the interests of judicial economy, as the cases arise from the same transaction or occurrence and no depositions have yet been taken of the parties in the state proceedings.

[6] FCA asserts that: (1) this Court has subject-matter jurisdiction under 28 U.S.C. § 1334(b) because this action arises in and is related to the bankruptcy case, and that such jurisdiction did not disappear after the Sale Order was interpreted; (2) since the case was severed, this Court has diversity jurisdiction under 28 U.S.C. § 1332, which this Court has no discretion to decline; (3) even if this Court lacked diversity jurisdiction, mandatory abstention under § 1334(c) does not apply because the case arises in Title 11 and continues to require interpretation of the Sale Order; (4) the case does not satisfy the exceptional circumstances needed to justify *Colorado River* abstention because, *inter alia*, of the distinct nature of the claims against FCA and because Dearden rejected FCA's 2016 offer to remain in state court by dismissing the punitive damages claim and forgoing the need for FCA to seek a decision from the bankruptcy court; and (5) consolidation is not available under Rule 42 because the actions are pending in two different courts, and consolidation would be a violation of FCA's right to a federal forum.

[7] Dearden offers evidence that FCA has been involved with the discovery process in the state court, notes that the other defendants asserted cross-claims against FCA for contribution, and emphasizes why remand is equitable.

[8] When the instant action was first removed, this Court had bankruptcy-related jurisdiction pursuant to 28 U.S.C. § 1334 because Dearden's claims against FCA arose in and were related to the bankruptcy case for two reasons: (1) FCA is a defendant only because of the Sale Order, and (2) FCA's assertion that Dearden's punitive damages request is barred by the Bankruptcy Court's orders necessarily requires interpretation of the Sale Order. *See* Opn. 6-7 and n.9, ECF No. 95. Despite the Bankruptcy Court's interpretation of the Sale Order, this Court concludes that it still has jurisdiction under § 1334 for the first reason stated above. Nevertheless, this Court has discretion whether or not to exercise that jurisdiction. *See* 28 U.S.C. § 1334(c)(1) (providing that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11").

After review, this Court exercises its discretion to abstain pursuant to 28 U.S.C. § 1334(c)(1), *see Allen v. J.K. Harris & Co.*, LLC, 331 B.R. 634, 645 (E.D. Pa. 2005) (listing the factors a court should consider in assessing whether to exercise discretionary abstention), and to remand pursuant to 28 U.S.C. § 1452(b) (allowing remand "on any equitable ground"). *See Stoe*

*v. Flaherty*, 436 F.3d 209, 215 (3d Cir. 2006) (holding that once a district court determines that it should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the suit to proceed in state court).  In making this determination, this Court finds that since the Bankruptcy Court interpreted the Sale Order, the outcome of the instant action will not affect the bankruptcy case and state law issues predominate.  Further, all of Dearden's claims, as well as the cross-claims against FCA filed by the once co-defendants, are based on state law.  Although Dearden's products liability claims are unique to FCA, Dearden's wrongful death and survival claims have been asserted against all defendants, not only FCA.  All these claims, as well as all other parties and claims being litigated in the state court, arose from the multi-vehicle accident on May 12, 2014.  It is in the interest of comity to abstain from hearing these matters.  Additionally, there is no prejudice to FCA if this Court abstains from exercising jurisdiction and remands this action to the state court because discovery is ongoing in that action and FCA has been sent discovery responses throughout the state proceedings.  *See* Reply, ECF 102.  According to the state court docket, the projected trial date is not until July 1, 2019, which allows FCA sufficient time to obtain any discovery that it may not have been provided to date.  On the other hand, if this Court exercises jurisdiction and does not remand the action, Dearden will be forced to conduct discovery, participate in motions proceedings, and litigate the trial in two separate forums.  In addition to the prejudice to Dearden, the other defendants who filed contribution claims against FCA will be prejudiced because after the state court action is concluded, the contribution claims may need to be addressed by this Court, and it is not practical to litigate contribution claims in two separate forums.  Failing to remand this action will unduly burden not only the parties, but also this Court's docket, and would not be in the interests of judicial economy.

     Furthermore, while the possibility of diversity jurisdiction is a factor this Court considered in deciding whether to exercise permissive abstention, *see Castle Cheese, Inc. v. FirstMerit Bank, N.A. (In re Castle Cheese)*, 541 B.R. 586, 594 (Bankr. W.D. Pa. 2015) (considering the presence of diversity jurisdiction as only one factor in deciding whether to abstain from exercising jurisdiction under § 1334(c)(1)), FCA cannot rely on diversity to establish jurisdiction for at least eight reasons.  First, FCA neither sought nor obtained leave of court to file an amended notice of removal, nor has cause been shown to allow an out-of-time amendment.  *See* 28 U.S.C. § 1441(d).  Second, even if FCA had leave to amend, an amendment may not add new jurisdictional facts or a new ground for jurisdiction different from that originally alleged.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003) (holding that a court is permitted to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition, but only where those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice). Third, although FCA filed an amended notice of removal citing diversity jurisdiction within thirty (30) days of the severance order, Dearden had not filed a new pleading, *see* 28 U.S.C. § 1446(b)(1) (requiring the notice of removal to be "filed within 30 days after the receipt . . . of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based . . ."), and the initial pleading was removable, *see* 28 U.S.C. § 1446(b)(3) (stating that, except as provided in § 1446(c), "if the case stated by the initial pleading *is not* removable, a notice of removal may be filed within 30 days after receipt . . . of . . . order . . . from which it may first be ascertained that the case is one which is or has become removable").  Fourth, the amended notice of removal, which is based on diversity jurisdiction, was filed "more than 1 year after

2. This case is **REMANDED** to the Court of Common Pleas for Philadelphia County, Case ID 160101221.

3. The above-captioned civil action is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

commencement of the action" due to no fault of Dearden. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."); *Medley v. Infantino, LLC*, No. 12-3877, 2013 U.S. Dist. LEXIS 28026, at *21-24 (E.D. Pa. Mar. 1, 2013) (refusing to consider the defendant's notice of removal based on diversity filed more than one year after the action was commenced because, *inter alia*, there was no evidence of forum manipulation by the plaintiff); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1996 U.S. Dist. LEXIS 23433, at *4 (E.D. Pa. July 10, 1996) (stating that "[e]ven if this court were inclined to grant leave to amend [the notice of removal], 28 U.S.C. § 1446 prohibits removal on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action"). Fifth, allowing an amendment would be contrary to the long-standing holding that removal statutes are to be "strictly construed against removal." *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Sixth, exercising jurisdiction would be contrary to long-standing holding that all doubts be resolved in favor of remand. *See id.* Seventh, keeping jurisdiction would award FCA for essentially manufacturing diversity jurisdiction over the opposition of Dearden. Significantly, the parties in the original complaint, which remain involved in the remanded action, are not diverse. Thus, FCA had no authority to remove the initial state-court action based on diversity jurisdiction. Instead, FCA removed the case, over Dearden's objection, *see* ECF Nos. 3, 30, on a separate jurisdictional basis. After the case was removed on this alternative jurisdictional basis, FCA filed a motion to sever the claims against it. Again, Dearden opposed this request. *See* ECF No. 49. Nevertheless, this Court granted FCA's request to sever and transfer the claims against it to the Bankruptcy Court for interpretation of the Sale Order. At that time, this Court recognized the possibility of remanding this action to the state court if it was transferred back from the Bankruptcy Court. *See* Opn. 9 n.11. Consequently, it would be unjust and inequitable to allow FCA to now rely on diversity jurisdiction to prevent the claims against it from being remanded to the state court. Contrary to FCA's suggestion, it has no right to a federal forum under the circumstances presented here. Eighth, "the court is not compelled to exercise jurisdiction based on diversity of citizenship [where the defendant] was unable to remove the case based on diversity jurisdiction." *Maher v. Moore Coll. of Art & Design*, No. 98-2978, 1999 U.S. Dist. LEXIS 2012, at *10 n.2 (E.D. Pa. Feb. 19, 1999) (citing 28 U.S.C. § 1441(b)).